Sept. 1839.

Heacock and others v Coatesworth and others.

---

HEACOCK and others *vs.* COATESWORTH and others.

When one entrusts another as his agent to purchase land for him, and the agent purchases the land in his own name, equity will compel such faithless agent to respond to his principal.

If, however, the original understanding was that the agent should take the title to the land in his own name, to be paid for by his own money, but in trust for the principal, this trust cannot be enforced unless it is in writing.

THE facts in this case sufficiently appear from the opinion of the court.

*D. Tillingharst,* for complainants.

*T. T. Sherwood,* for defendants.

THE VICE CHANCELLOR. So far as the proofs in this case exhibit the facts, it would appear that Bartow, one of the complainants, was in possession of the lot which is the subject of controversy, for about a year and a half or two years prior to June, 1823. He entered into possession, moved or erected thereon a very cheap house and a small barn, and filled up the lot; but his possession, so far as ap-

pears from the proofs, was without the knowledge or consent of the owners of the lot, and was therefore the possession of a mere trespasser. The bill charges that Bartow procured the lot to be surveyed and a map thereof made, and that John Coatesworth, the ancestor of the defendants, in June, 1823, agreed with Bartow for a small reward to go to Batavia and procure a title to the lot from the Holland Land Company for Bartow, for which he, Coatesworth, was to make the necessary advances—that Coatesworth went to Batavia with the map of the lot and a letter from Bartow to the agent of the H. L. Co. requesting that the title to the lot should be given to Coatesworth for Bartow. The subsequent facts are, that Coatesworth took a title to the lot from the Holland Land Company to himself in June, 1823, for the consideration of $200, and executed a mortgage for $140 of the purchase money; and Coatesworth immediately brought an ejectment against Bartow for the lot, recovered a judgment therein and turned him out of possession, and he and his widow and heirs have continued in possession thereof until the present time. This bill was filed in 1835, after the death of John Coatesworth. The bill proceeds upon the assumed fact that there was a culpable or fraudulent breach of some fiduciary relation existing between Bartow and Coatesworth, in relation to the acquisition of the title to this lot; and that Coatesworth took and his heirs now hold the title to this lot contrary to equity as against Bartow and his grantees.

It would strike one as extraordinary, and perhaps suspicious considering the character of the complainants' claim to the lot, that they should suffer Coatesworth to eject Bartow by process of law, and hold

possession of the lot for twelve years and until after the death of Coatesworth, before they attempt to enforce their rights. It would naturally happen that a breach of confidence such as that set up in the bill, would excite the indignation of the persons betrayed, and that they would take early and efficient measures to punish the treachery and secure their own rights, if the facts of the case were such as to give them assurance of success. This delay, however, in the point of view in which I am now looking at the case, is only to be considered as a circumstance affecting the testimony—whether it amounts to a bar to the present suit, either by the lapse of time or by the recovery of the judgment in ejectment, are distinct questions.

If, however, the proofs should shew clearly that Bartow had entrusted Coatesworth as his agent and furnished him with money to purchase this lot, and Coatesworth after accepting the agency, whether for a reward or not, had purchased the lot for himself, the court would even after this lapse of time, endeavor to punish the faithless agent for such breach of confidence. It is one of the provinces of a court of equity to enforce entire good faith as between principal and agent; and for that purpose they will treat the agent as the trustee of his employer, and compel him to respond as such. To authorise the court, however, to interfere, there must be clear and satisfactory evidence of the relation of principal and agent, and that the agent has violated that perfect good faith which he is bound to preserve in that fiduciary character.

The evidence in this case as to the character in which Coatesworth stood to Bartow, is entirely by

parol. It is a little difficult to understand, either from the bill or the proofs, in what precise character the complainants wish to place Coatesworth. If he is looked upon as an agent strictly, i. e. as a person employed by Bartow to take a title for him, and in his name, and with his money, we must scrutinize the evidence to see if it will sustain that position. It is apparent that Coatesworth at some time took some paper or papers for Bartow to Batavia, in relation to this lot of land. What these papers were, does not appear—whether it was a letter, or a letter and a map, or what other papers, is not shewn. There is no clear evidence that there was any money sent, and the inference rather is that there was none. It is fairly to be inferred that Bartow did not intend to pay the whole purchase money for the lot, and did not send sufficient at any rate by Coatesworth to pay the whole purchase money.

Now we cannot shut our eyes to the fact, independent of any testimony, that if the whole purchase money was not paid at Batavia, Coatesworth could obtain no title to Bartow, without the execution of some agreement on the part of Bartow, either a contract or a mortgage, for the security of the unpaid balance of the purchase money. Such agreement could not have been delivered by Coatesworth at Batavia, in exchange for the evidence of title, unless he had carried it there previously executed by Bartow, or unless he had carried there a power of attorney from Bartow to execute in his name. There is no evidence that he carried either—indeed, the inference from the testimony is that he did not, and it seemed to be conceded by the counsel that he did not. It must therefore be assumed that Coates-

Sept. 1839.

Heacock and
others
v.
Coatesworth
and others.

worth was not employed to purchase the lot for Bartow as his agent strictly, and that it was not expected at the time of his employment that he should purchase the lot in Bartow's name.

If it is insisted that Coatesworth was employed to take the title in his own name and advance his own money, and hold the same in trust for Bartow, other questions will present themselves. This seems to be the point of view in which the complainants' counsel desire to present the case, and it is the point of view most nearly sustained, if any thing is sustained by the proofs. If it is conceded that this aspect of the case is fully and satisfactorily proved, it will be somewhat difficult to raise a trust in favor of the complainants upon such a state of facts, without violating the statute of frauds. In such a state of facts the purchase would be made not only with the knowledge and assent of the complainants, but by their express direction. The title would be taken to Coatesworth by the requirement of the complainants, and he would pay his own money for it; and to raise a trust in such case in favor of the complainants, it must be manifested and proved by some *writing* signed by Coatesworth.

If the money had been paid by Bartow, there might have been a resulting trust in his favor, which it would be competent to establish by parol proof.

But there is no proof that such was the fact—indeed, it was admitted by the complainants' counsel that there was no resulting trust in favor of Bartow, by reason of the payment of his money.

The trust, if any, arises out of the state of facts above supposed, and I am clear that it is a species

of trust required to be evidenced by writing to be available to the complainants.

This very case seems to me very strongly to illustrate the wisdom of the statute. The testimony in this case is far from being clear, direct or satisfactory; on the contrary, it is vague, doubtful, and inconclusive.

If it was competent for the complainants to prove their case by parol testimony, I should hold the evidence which is before me quite insufficient under the circumstances to establish it. Brought forward as it is after a recovery in ejectment, after twelve years of possession of the property, and after the death of the original purchaser, and vague and inconclusive as it is in its character, I should hold it entirely insufficient to warrant me in depriving the defendants of the property descended to them from their ancestor.

There were several other interesting and important points presented upon the argument of this cause and very ingeniously discussed, which I have examined with considerable care; but as their decision is not essential to the settlement of this cause, I shall express no opinion thereon.

As the points decided cover the whole case, I prefer to rest the decision upon those, and shall accordingly decree that the complainant's bill be dismissed with costs to be taxed.